A. I. FITCH, Respondent, *v.* JOHN W. RUSSELL, Appellant.

(Argued September 27, 1871; decided January term, 1872.)

PLAINTIFF sought to recover a sum alleged to have been expended on joint account of himself and defendant in a partnership transaction. Answer, a denial and counter-claim. The case was tried without objection to the form of action or shape of pleadings. *Held,* these questions could not be raised upon appeal.

*F. J. Fithian* for the appellant.

*E. P. Clark* for the respondent.

GRAY, C., read for affirmance.
All concur, LEONARD, C., not sitting.
Judgment affirmed with costs.

---

WILLARD DIVOLL, Respondent, *v.* HENRY HENKEN, Appellant.

(Argued September 28, 1871; decided January term, 1872.)

THE complaint in this action alleged an agreement on the part of defendant to pay plaintiff a commission of two and a half per cent upon a purchase price, for procuring a purchaser for defendant's farm, which plaintiff did. Upon the trial, the evidence, received without objection, showed an agreement to pay the commission upon the price of the property sold. This included a large amount of personal property as well as the farm. There was no suggestion upon the trial of variance between the evidence and the complaint. Plaintiff recovered the per centage upon the whole sale. *Held,* the objection could not be raised upon appeal, and if raised upon the trial it would have been the duty of the referee to have amended the complaint.

*Samuel Hand* for the appellant.

*Ira H. Tuthill* for the Respondent.

LEONARD and EARL, CC., read for affirmance.
All concur, LOTT, Ch. C., not sitting.
Judgment affirmed, with costs.

---

GEORGE L. BALDWIN, Respondent, *v.* JOHN DORSAY BALD et al., Appellants.

(Argued September 27, 1871; decided January term, 1872.)

UPON the dissolution of a co-partnership between plaintiff and defendants, the parties entered into a written agreement, by which the former assigned all his interest in the firm property to the latter, and all claims against the firm or defendants individually, in consideration of receiving certain designated stocks, notes and securities, etc., and of the agreement upon the part of defendants to assume and pay the partnership debts by another agreement executed at the same time as alleged by plaintiff, as an inducement for him to execute the first.   Defendants agreed to allow plaintiff any correct charges which had not been credited to him on the books of the firm and to give him credit therefor.   In an action to recover the amount of such charges not credited, it appearing that at the time of the dissolution plaintiff's account showed a large indebtedness on his part to the firm.   *Held,* that the presumption was that stocks, notes, etc., received by plaintiff were given him upon the basis that the amounts thereof were found due him upon settlement of all their business, including his individual account as it then appeared upon the books, and the agreement to allow charges not credited thereon was not simply to credit them in a settled account, but to pay them.

Upon the trial, plaintiff was allowed to prove what was said